**IN THE LAKE COUNTY SUPERIOR/CIRCUIT COURT**
**STATE OF INDIANA**

| | | |
|---|---|---|
| MCLEAN CONTRACTING COMPANY, | ) | CAUSE NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GREAT AMERICAN INSURANCE COMPANY and FIGG BRIDGE BUILDERS, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, McLean Contracting Company ("McLean"), by counsel, for its Complaint against Defendants, Great American Insurance Company ("GAIC") and Figg Bridge Builders, LLC ("Figg") (collectively "Defendants"), states as follows:

### PARTIES

1. McLean is a corporation organized under the laws of the State of Delaware, with its principal place of business in Glen Burnie, Anne Arundel County, Maryland.

2. GAIC is a corporation organized under the laws of the State of Ohio, with its principal place of business in Cincinnati, Hamilton County, Ohio.

3. Figg is a limited liability company organized under the laws of the State of Florida, with its principal place of business in Tallahassee, Leon County, Florida.

### ALLEGATIONS COMMON TO ALL COUNTS

4. Cline Avenue Bridge, LLC ("CAB"), not a party to this lawsuit, entered into a contract (the "Prime Contract") with Figg for the design and construction of the Cline Avenue bridge over Indiana Harbor and Ship Canal in East Chicago, Indiana (the "Project").

5. GAIC issued Payment Bond No. 1517337 to Figg, as principal, in the penal sum of $110,278,912.00 (the "Payment Bond"). A true and accurate copy of the Payment Bond is attached hereto as Exhibit A.

6. Figg subsequently retained McLean as a subcontractor for certain work on the Project (the "Subcontract"). A true and accurate copy of the Subcontract is attached hereto as Exhibit B.

7. McLean commenced its work under the Subcontract in or around January 23, 2019.

8. Upon information and belief, on or about April 7, 2020, Cline Avenue Bridge LLC terminated the Prime Contract with Figg for Figg's default.

9. By letter dated April 7, 2020, Figg advised McLean that neither McLean nor its subcontractors were authorized to enter the Project site or perform any further work (the "April 7 Letter"). A true and accurate copy of the April 7 Letter is attached hereto as Exhibit C.

10. Figg's April 7, 2020 letter induced and directed McLean to hold its personnel, equipment, materials and subcontractors on a standby status, ready to resume performance of the Subcontract work upon direction by Figg.

11. McLean incurred additional costs for holding its personnel, equipment, materials and subcontractors on a standby status as directed by Figg.

12. By letter dated April 8, 2020, McLean confirmed receipt of the April 7 Letter and provided notice of its claims against Figg for non-payment and standby costs (the "April 8 Letter"). A true and accurate copy of the April 8 Letter is attached hereto as Exhibit D.

13. By letter dated June 15, 2020, Figg provided its first notice to McLean that Figg's Prime Contract with CAB had been terminated on April 7, 2020. A true and accurate copy of the June 15 Letter is attached hereto as Exhibit E.

14. Section 9.4 of the Subcontract required Figg to provide McLean written notice of termination of the Prime Contract within three (3) business days of such termination.

15. Figg failed to provide the notice to McLean as required by Section 9.4 of the Subcontract.

16. Because Figg failed to provide the written notice of termination of the Prime Contract as required, McLean continued to incur stand-by or suspension of work costs under the Subcontract from April 8, 2020, through May 31, 2020.

17. McLean served its Payment Bond claim dated April 28, 2020 (the "Payment Bond Claim") on GAIC via certified mail for amounts due and owing under the Subcontract. McLean further advised GAIC that damages will continue to accrue while its work is suspended, including standby costs, demobilization and remobilization, if necessary. A true and accurate copy of the Payment Bond Claim is attached hereto as Exhibit F.

18. GAIC acknowledged receipt of McLean's Payment Bond Claim by letter dated May 6, 2020.

19. McLean filed a Supplement to its Bond Claim with GAIC on June 10, 2020. The total claim made by McLean on the Payment Bond, inclusive of both its original claim and supplemental claim, is $3,385,443.72.

20. To date, GAIC has made partial payments to McLean on its Payment Bond Claim in the total amount of $1,810,219.63.

21. Deducting the total of the payments made by GAIC to McLean from the total of McLean's claims on the Payment Bond, the amounts still due and owing to McLean is $1,575,224.09 plus interest, costs and attorneys' fees.

22. McLean timely performed and completed its obligations pursuant to the Subcontract.

23. McLean timely filed its Payment Bond Claim with GAIC.

24. Despite repeated demands, Figg and GAIC have refused and failed to pay all amounts owed McLean pursuant to the Subcontract and the Payment Bond, respectively.

## COUNT I
## PAYMENT BOND CLAIM AGAINST GAIC

25. McLean incorporates by reference all allegations set forth in Paragraphs 1 through 24 of this Complaint as if fully restated herein.

26. Figg, as principal, and GAIC, as surety, executed the Payment Bond for the use and benefit of all persons furnishing labor and materials for the Project.

27. McLean has not been paid in full for its work on the Project and pursuant to the Subcontract.

28. McLean timely made a claim on the Payment Bond.

29. McLean has complied with all Payment Bond claim procedures.

30. GAIC is obligated to honor the terms and conditions of the Payment Bond.

31. GAIC has failed to honor its obligations under the Payment Bond.

32. As a result of GAIC's failure to honor its Payment Bond obligations, McLean has suffered damages and/or costs plus interest, costs and attorneys' fees.

WHEREFORE, McLean, by counsel, respectfully requests that this Court enter judgment in its favor and against GAIC in an amount to be proven at trial, for the costs of this action, for attorneys' fees, for pre- and post-judgment interest, and for all other just and proper relief.

## COUNT II
## BREACH OF CONTRACT AGAINST FIGG

33. McLean incorporates by reference all allegations set forth in Paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Pursuant to the Subcontract, McLean agreed to provide labor and materials in exchange for payment from Figg.

35. McLean has timely performed and completed the work and has complied with all the terms of the Subcontract.

36. Figg has failed to pay the amounts owed to McLean pursuant to the Subcontract, despite repeated demands from McLean.

37. There remains an unpaid principal balance due and owing to McLean.

38. Figg's failure to pay constitutes a breach of the Subcontract.

39. Figg's failure to notify McLean that the Prime Contract had been terminated by Cline Avenue Bridge LLC as required by Section 9.4 of the Subcontract constitutes a breach of the Subcontract.

40. McLean has suffered and continues to suffer damages as a result of Figg's breach of the Subcontract.

WHEREFORE, McLean, by counsel, respectfully requests that this Court enter judgment in its favor and against Figg in an amount sufficient to compensate McLean for the damages caused by Figg's breach of the Subcontract, for the costs of this action, for attorneys' fees, for pre- and post-judgment interest, and for all other just and proper relief.

## COUNT III
## UNJUST ENRICHMENT AGAINST FIGG

41. McLean incorporates by reference all allegations set forth in Paragraphs 1 through 40 of this Complaint as if fully restated herein.

42. McLean has conferred a benefit upon Figg by providing materials, labor and/or services.

43. Figg has received the benefit of the materials, labor, services and/or improvements provided by McLean.

44. The acceptance and retention by Figg of the benefit provided by McLean under such circumstances is such that it would be inequitable for Figg to retain those materials, labor and/or services without paying the value thereof and would amount to an unjust enrichment.

WHEREFORE, McLean, by counsel, respectfully requests that this Court enter judgment in its favor and against Figg in an amount that will fully compensate McLean for its damages, for the costs of this action, for pre- and post-judgment interest, and for all other just and proper relief.

## COUNT IV
## UNJUST ENRICHMENT AGAINST GAIC

45. McLean incorporates by reference all allegations set forth in Paragraphs 1 through 44 of this Complaint as if fully restated herein.

46. McLean has conferred a benefit upon GAIC by providing materials, labor and/or services to Figg and undertook actions which have mitigated costs that may be incurred by GAIC as surety for Figg.

47. GAIC has received the benefit of the materials, labor, services, improvements and/or actions provided by McLean.

6

48. The acceptance and retention by GAIC of the benefits provided by McLean under is such that it would be inequitable for GAIC to retain those materials, labor, services, improvements and actions without paying the value thereof and would amount to an unjust enrichment.

WHEREFORE, McLean, by counsel, respectfully requests that this Court enter judgment in its favor and against GAIC in an amount that will fully compensate McLean for its damages, for the costs of this action, for pre- and post-judgment interest, and for all other just and proper relief.

### JURY REQUEST

The Plaintiff, by counsel, respectfully requests that this matter be tried to a jury.

FROST BROWN TODD LLC

By: */s/ Terrence L. Brookie*
Terrence L. Brookie, #3874-49
Joshua N. Kutch, #31389-50
*Attorneys for Plaintiff,*
*McLean Contracting Company*

FROST BROWN TODD LLC
201 N. Illinois St., Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
P: 317-237-3800
F: 317-237-3900
tbrookie@fbtlaw.com
jkutch@fbtlaw.com

0141228.0716193   4825-7988-3984v1